**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-14120-CV-MIDDLEBROOKS
(18-14054-CR-MIDDLEBROOKS)
MAGISTRATE JUDGE REID**

ANTHONY JOSEPH SAFFIOTI,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**REPORT OF MAGISTRATE JUDGE**

This matter is before the court on movant's *pro se* motion to vacate, filed under 28 U.S.C. § 2255. [Cv-ECF No. 1]. The undersigned has reviewed all pertinent portions of the records in both this case and the underlying criminal case. As discussed below, movant's motion should be **DENIED**.

### I.    Background

A grand jury charged movant with knowingly making a materially false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C.

§§ 922(a)(6) and 2. [Cr-ECF No. 14 at 1-2[1]]. A jury found him guilty. [Cr-ECF No. 62].

The Presentence Investigation Report ("PSI") computed an offense level of twenty under U.S.S.G. § 2K2.1(a)(4)(B). PSI ¶ 18. This guideline prescribes a base offense level of twenty "if the offense involv[es] a semiautomatic firearm capable of accepting a large capacity magazine and the defendant is convicted under . . . § 922(a)(6)." *Id.*

"Based on a total offense level of 20 and a criminal history category of VI, [movant's] guideline imprisonment range [was] 70 to 87 months." PSI ¶ 75. The court sentenced movant to seventy-two months' imprisonment. [Cr-ECF No. 115 at 39; Cr-ECF No. 106].

Movant appealed. [Cr-ECF No. 107]. The Eleventh Circuit affirmed. *See generally United States v. Saffioti*, 795 F. App'x 733 (11th Cir. 2019) (per curiam).

Movant timely filed his § 2255 motion. [Cv-ECF No. 1].

## II. Summary Dismissal Under 28 U.S.C. § 2255

Rule 4 of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the

---

[1] All citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

motion . . . ." "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" (citation omitted)). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that movant is 'not entitled to relief.'" *Paez*, 947 F.3d at 654. In reviewing a motion under Rule 4, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citation omitted).

### III. Ineffective Assistance of Counsel Principles

To establish a claim of ineffective assistance of counsel, movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficiency, he must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To prove prejudice, movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

3

been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Movant has the burden of proof on his ineffectiveness claim, *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012) (citation omitted), as well as the burden of proof under § 2255, *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (citing cases).

### IV. Analysis

A. <u>Claim One</u>

Movant asserts several conclusory claims of ineffective assistance of counsel under the rubric of claim one. They all fail.

First, movant conclusorily contends that counsel failed to "[argue] for suppression [of unspecified] hearsay statements by the pawn-shop owner." [Cv-ECF No. 1 at 4]. This claim is wholly conclusory and, hence, fails. *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (section 2255 movant's allegations must satisfy the "heightened pleading requirement[s]" under Rule 2 of the Federal Rules Governing § 2255 Proceedings). Furthermore, movant cannot show prejudice on this claim given the strength of the state's evidence at trial. *See Saffioti*, 795 F. App'x at 738.

Second, movant alleges that sentencing counsel ineffectively failed to object to a picture of a 40-round magazine that the government adduced at sentencing to prove the propriety of his base offense level of twenty. [ECF No. 1 at 4]. He conclusorily reasons that "records procured show there wasn't any purchase of said clip, nor was said picture involved in [his codefendant's] transaction." [*Id.*]

This claim is frivolous. The government's evidence at trial established that, "at the time of purchase, the semi-automatic AM-15 rifle had an extended magazine intact. . . . [and] that [movant] purchased a second extended magazine." [Cr-ECF No. 93 ¶ 7 (citing trial exhibits)]. Indeed, the district court denied counsel's objection to § 2K2.1(a)(4)(B) alternatively on the "evidence presented during the trial." [Cr-ECF No. 115 at 11]. Therefore, assuming the district court would have sustained any objection to the picture adduced at sentencing, it still would have overruled the objection to § 2K2.1(a)(4)(B). Thus, movant cannot show prejudice.

Third, movant contends that appellate counsel ineffectively failed to "argu[e] up [his] many requests, to have [the] indictment dismissed for lack of proper notice and defectiveness," and to "properly object to [] jury instructions at trial." [Cv-ECF No. 1 at 4].

This claim is conclusory and fails for this reason alone. *See Wilson*, 962 F.2d at 998; *see also Borden*, 646 F.3d at 810. Furthermore, counsel had no duty to "argue up" movant's "many requests." *See Overstreet v. Warden*, 811 F.3d 1283, 1287

5

(11th Cir. 2016) ("Appellate counsel has no duty to raise every non-frivolous issue and may reasonably weed out weaker (albeit meritorious) arguments." (citation omitted)). Additionally, movant has not alleged that trial counsel objected to any jury instructions; thus, he has not shown that appellate counsel deficiently failed to challenge this "unpreserved trial error." *See Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017).[2] Moreover, movant's contention that the indictment was insufficient lacks merit. *See infra* Part IV(B). In short, movant's appellate ineffectiveness claim fails.

In sum, claim one lacks merit.

B.   Claim Two

Movant contends that the indictment was insufficient because, even though it charged him with aiding and abetting under 18 U.S.C. § 2, it did not specify whether he violated subsection (a) or (b). [Cv-ECF No. 1 at 5]; *see generally* 18 U.S.C. § 2(a)-(b). Likewise, he contends that it has not been "specified which subsection he actually was convicted of, which is [allegedly] required to be found guilty [for aiding and abetting]." *See* [ECF No. 1 at 5]. He adds that, because the indictment did not specify what subsection he was charged under, it was "overbroad" and did not allege "every essential element of [the] offense." [*Id.* at 5-6].

---

[2] If movant meant to argue that trial counsel ineffectively failed to object to jury instructions, this claim is wholly conclusory. [Cv-ECF No. 1 at 4].

This claim fails. "Under 18 U.S.C. § 2, aiding and abetting is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (citation and internal quotation marks omitted). "Aiding and abetting need not be specifically alleged in the indictment; assuming the evidence supports it, the accused can be convicted of aiding and abetting so long as the jury is instructed on it." *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984) (citation omitted).

Here, "the indictment . . . charged [movant] with violating [18 U.S.C. § 922(a)(6)] . . . , and also referred specifically to the aider and abettor statute, . . . § 2." *See United States v. Trollinger*, 415 F.2d 527, 528 (5th Cir. 1969) (per curiam).[3] "Furthermore, [] the indictment track[ed] the language of [§ 922(a)(6)] . . . [and was] accompanied with [] a statement of the facts and circumstances [sufficient to] inform [movant] of the specific offense . . . with which he [was] charged." *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citation omitted); *see also* [Cr-ECF No. 14 at 1-2]. Finally, the court instructed the jury on aiding and abetting, [Cr-ECF No. 114 at 68-69], and the Eleventh Circuit held that the evidence was "clearly

---

[3] Fifth Circuit decisions decided on or before September 30, 1981 are "binding as precedent in the Eleventh Circuit." *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

sufficient" to support the verdict "under an aiding and abetting theory," *Saffioti*, 795 F. App'x at 738.

In short, because movant has not shown that the indictment was insufficient, claim two fails.

C. <u>Claim Three</u>

Claim three challenges the district court's computation of a base offense level of twenty under § 2K2.1(a)(4)(B). [Cv-ECF No. 1 at 6]. Petitioner also seems to challenge the district court's refusal to grant a minor role reduction. *See* [*id.* at 7]; *see also* [Cr-ECF No. 115 at 3-4]. This claim is not cognizable.

"[A] district court does not have the authority to review an alleged sentencing error under § 2255 unless the error 'constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" *Duncan v. United States*, 704 F. App'x 914, 915 (11th Cir. 2017) (per curiam) (quoting *United States v. Addonizio*, 442 U.S. 178, 186 (1979)). "To meet this standard, a federal prisoner must show either 'actual innocence of his crime or the vacatur of a prior conviction.'" *Id.* (quoting *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014)).

Here, movant has not alleged actual innocence or the vacatur of a prior conviction. Claim three fails.

**V. Evidentiary Hearing**

8

Movant is not entitled to an evidentiary hearing. "[T]he motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b).

## VI. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a movant's constitutional claims on the merits, "[t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, a certificate of appealability should be denied. If movant disagrees, he may so argue in any objections filed with the district judge.

### VII. Recommendations

As discussed above, it is recommended that movant's motion to vacate [Cv-ECF No. 1] be **DENIED**; that no certificate of appealability issue; that final judgment be entered; and that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

DONE AND ORDERED at Miami, Florida, this 18th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Anthony Joseph Saffioti
    19140-104 M- Unit
    Coleman I-USP
    United States Penitentiary
    Inmate Mail/Parcels
    Post Office Box 1033
    Coleman, FL 33521
    PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov